IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Marcus S. Payne, et al., ) | |
| ) | Civil Action No. 6:08-1924-GRA-WMC |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| Mrs. Dorothy Dirton-Hill, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This is a diversity action concerning an allegedly forged will. All the parties are proceeding *pro se*. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Civil Rule 73.02)(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

In their complaint, plaintiffs Marcus Payne and Eric Payne, who are Georgia residents, allege that defendant Dorothy Dirton-Hill, who is a notary, forged the signature of the plaintiffs' mother, Betty Jones Payne, on the mother's will. The plaintiffs claim that defendants Broadus Jones, who is the brother of Ms. Payne, Daisy Jones, Fletcher Anderson, and Adalynn C. Joyner (a/k/a Adalynn C. Payne), who is the daughter of Ms. Payne and the sister of the plaintiffs, conspired together to commit the forgery. The defendants are residents of Florida, South Carolina, and Washington, D.C. The allegedly forged will was executed on April 14, 2006. The will named Ms. Joyner as executor and stated that if Ms. Joyner was unable to serve, the plaintiffs would act as the executors. The will gave the mother's home in Washington, D.C. to Ms. Joyner, with the contents of the home and the mother's personal effects to be shared by the three children according to their requests. The mother's finances were to be divided equally among Ms. Joyner and the plaintiffs. The property in South Carolina was left to the three children to be used as a home when they visit.

Ms. Payne's will is currently at issue in a proceeding pending before the Superior Court for the District of Columbia, Probate Division. In the complaint before this

court, the plaintiffs allege various claims against the defendants contending that they conspired to "disinherit" the plaintiffs. The plaintiffs request the following relief, *inter alia*:

> (1)  that the court issue a "writ of mandamus to order the respective State and Federal prosecuting attorneys of this jurisdiction to thoroughly address, investigate and prosecute the allegations under their purview . . ." ;
>
> (2)  that the court rule that the allegedly fraudulent will is "null and void"; and
>
> (3)  that the court send the findings of fact and conclusions of law to the Superior Court for the District of Columbia, Probate Division "for the court to take judicial notice of judgment for proceedings of the matter and estate of Ms. Betty Jean Payne."

The plaintiffs also seek compensatory and punitive damages.

While complete diversity jurisdiction exists in this case, the exercise of federal subject matter jurisdiction is subject to the exception that, in general, "a federal court has no jurisdiction to probate a will or administer an estate, the reason being that the equity jurisdiction conferred by the Judiciary Act of 1789, 1 Stat. 73, and § 24(1) of the Judicial Code, which is that of the English Court of Chancery in 1789, did not extend to probate matters." *Markham v. Allen*, 326 U.S. 490, 494 (1946). In *Marshall v. Marshall*, (2006), the Supreme Court of the United States articulated a test to determine whether a case fits within the probate exception to diversity jurisdiction. The court stated, "[T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction. *Id.* at 311-12.

The plaintiffs in this case are asking the court to determine that Ms. Payne's will is "null and void," the very issue before the probate court, and to send this court's findings to the probate court for consideration in its proceedings. Based upon the foregoing, this court

2

finds that the instant proceeding falls with the probate exception to diversity jurisdiction, and thus this court lacks subject matter jurisdiction.

Even if subject matter jurisdiction of the action existed, the court should abstain from the exercise of jurisdiction. Under the doctrine enunciated in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), a federal court may refrain from exercising jurisdiction in the interest of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* at 817-18. The Fourth Circuit Court of Appeals has stated:

> [S]ix factors have been identified to guide the analysis for Colorado River abstention: (1) whether the subject matter of the litigation involves property where the first court may assume jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights.

*Vulcan Chemical Technologies, Inc. v. Barker*, 297 F.3d 332, 341 (4th Cir. 2002) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15 (1983)). In this case, all of the above factors favor abstention. Accordingly, even if the court finds that subject matter jurisdiction exists, the court should abstain from the exercise of jurisdiction.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the plaintiffs' complaint should be dismissed without prejudice.

_____
WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

October 22, 2008
Greenville, South Carolina

3