UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Marcus S. Payne, et al., | ) | C/A No.: 6:08-1924-GRA |
| | ) | |
| Plaintiffs, | ) | **ORDER** |
| | ) | (Written Opinion) |
| v. | ) | |
| | ) | |
| Dorothy Dirton-Hill, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C. filed on October 22, 2008.

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a pro se litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

## Background

The plaintiffs filed this action alleging that the defendant Dirton-Hill forged the signature of their deceased mother, Ms. Payne, on Ms. Payne's will. They further allege that the other defendants conspired with Ms. Dirton-Hill to commit the forgery. The plaintiffs are unhappy regarding the disposition of the assets in the will and allege

that the will was a forgery.  They seek a declaration that the will is invalid and that Ms. Dirton-Hill breached her duties as a notary public.

Ms. Payne's will is currently in pending before the Superior Court for the District of Columbia, Probate Division.  In the complaint, the plaintiffs seek many forms of relief including an order directing an investigation regarding the allegation, that this Court rule the will "null and void," and that the court send the findings to the Superior Court for the District of Columbia, Probate division.

### Standard of Review

The magistrate makes only a recommendation to this Court.  The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*  In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. FED. R. CIV. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The plaintiff timely filed objections on November 6, 2008.

## Discussion

The plaintiffs' first objection is that he did not consent to the magistrate's issuance of a Report and Recommendation. Pursuant to Local Rule 73.02(B)(2)(e), the Clerk of Court automatically assigns all pretrial proceedings involving litigation by individuals proceeding *pro se* to a full-time magistrate. The magistrate followed Local District Court Rules when his issued the Report and Recommendation. The plaintiffs' consent was not required for the magistrate to issue the Report and Recommendation.

The plaintiff also objects to the magistrate's assertion that the Court is without jurisdiction to hear the case. He states that the District Court has subject matter jurisdiction to investigate the actions of Ms. Dirton-Hill, whom the plaintiffs state is a notary public and public official of South Carolina. Although complete diversity exists, the plaintiffs are asking the Court to litigate an issue too closely connected to the

probate case pending in the Superior Court for the District of Columbia, Probate Division. The Fourth Circuit recognizes the "probate exception" as a jurisprudential limit on diversity jurisdiction. *See Foster v. Carlin*, 200 F.2d 943 (4th Cir.1952). This Court may not exercise diversity jurisdiction to probate a will, administer an estate or entertain an action that would interfere with pending probate proceedings. *See Ashton v. Josephine Bay Paul & C. Michael Paul Found.*, 918 F.2d 1065 (2d Cir. 1990). In addition, a federal court does not gain jurisdiction to determine the validity of a will because the issue is "incidental" to other claims. *Turja v. Turja*, 118 F.3d 1006 (4th Cir. 1997) (citing *Foster*, 200 F.2d at 948). The plaintiff's claims regarding the creation of their mother's will and the actions of the defendants regarding the creation fall within this exception to federal diversity jurisdiction. The district court may not address these issues no matter how close their connection to claims over which a federal court does have jurisdiction. Along with investigating the defendant's actions, the plaintiffs want this Court do hold their mother's will "null and void." This Court must abstain from litigating this case as it falls squarely within the probate exception to diversity jurisdiction. These claims may be presented in the state court action.

Even if the Court had jurisdiction, as the magistrate correctly stated, this Court must abstain from exercising jurisdiction under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). According to *Colorado River*, federal courts may abstain from exercising jurisdiction in certain circumstances of parallel duplicative litigation in the interest of sound judicial administration and economy. *Id*.

The factors to be considered in determining whether the Court should abstain are met. *See Vulcan Chemical Technologies, Inc. V. Barker*, 297 F.3d 332, 341 (4th Cir 2002). The subject matter involves property where the probate court may assume jurisdiction. The federal forum is not as convenient as the probate court. The probate court can determine the ultimate issue in this case, the validity of the will, thus avoiding piecemeal litigation. The probate court case was filed first and the state court proceedings may adequately protect the parties' rights. *See Id.* The probate court is the proper forum and *Colorado River* favors this Court's abstention.

The remainder of the plaintiffs' purported objections do not reference the Report and Recommendation at all. The plaintiff simply states his arguments again and they will not be addressed. One purpose of the Magistrates Act is to allow magistrates to assume some of the burden imposed on the district courts to relieve these courts of unnecessary work. Allowing Plaintiffs to present one version of their case to the Magistrate, and then, because they were unsuccessful, present a new version and new argument to this Court frustrates this very purpose. The Magistrates Act was not intended to "give litigants an opportunity to run one version of their case past the magistrate, then another past the district court." *Greenhow v. Secretary of Health and Human Servs.*, 863 F.2d 633, 638 (9th Cir.1988). Allowing parties, including pro se litigants, to raise new issues or arguments at any point in the life of a case will simply result in a needless multiplication of litigation. Parties should properly plead their

claims, and fully advance their arguments, at all stages of litigation, unless they are prepared to waive them.

## **Conclusion**

After a review of the magistrate's Report and Recommendation, applicable case law, and the record, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the Report and Recommendation in its entirety.

IT IS THEREFORE SO ORDERED THAT the plaintiffs' complaint be dismissed for lack of jurisdiction.

IT IS ALSO ORDERED THAT all outstanding motions be dismissed as moot.

IT IS SO ORDERED.

*[signature]*

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

December   2  , 2008
Anderson, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.